IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:13-CV-00410-BO

JEWEL TANT, f/k/a JEWEL T. LUCAS a/k/a )
JEWEL LUCAS a/k/a JEWEL T. EASON a/k/a )
JEWEL ELIZABETH CONWAY a/k/a )
JEWEL ELIZABETH CONWAY PENNY, )
                                        )
        Plaintiff, )         **O R D E R**
                                          )
v. )
                                          )
JP MORGAN CHASE BANK, NA, )
                                          )
        Defendant. )

This matter is before the Court on defendant JPMorgan Chase Bank's ("Chase") motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) [DE 9]. For the reasons stated herein, the defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff's complaint arises out of a 2011 settlement agreement that reformed a 2003 deed of trust in exchange for monetary payment and non-monetary assurances. Chase commenced foreclosure proceedings in 2010 against property owned by plaintiff that was collateral for a loan provided by Chase to plaintiff. After commencing foreclosure proceedings, Chase noticed a mutual mistake and scrivener's error in the property description. Chase filed an action to resolve the issues and entered into a settlement agreement with plaintiff in 2011. The settlement agreement contained two parts. First, plaintiff agreed to execute a consent judgment and order that would reform the deed of trust and correct the errors with the property description in exchange for the payment of $6,500 in settlement funds. Second, the settlement agreement

provided that plaintiff would have a dedicated representative to contact regarding her loan, that Chase would allow plaintiff to reapply for an unemployment forbearance, and that Chase would act in good faith in considering whether to grant a forbearance as well as considering any loan modification applications that plaintiff submitted. Finally, Chase agreed to dismiss the pending foreclosure action and would not recommence another foreclosure until after the consent judgment was recorded, which occurred on August 15, 2012.

Plaintiff filed the instant complaint in April 2013, alleging Chase breached the terms of the settlement agreement. Specifically, plaintiff alleges that (1) the designated representative for her loan would not speak with plaintiff, (2) Chase failed to re-evaluate plaintiff for unemployment forbearance, (3) Chase failed to fully and fairly cooperate with plaintiff for a refinance of her loan, and (4) Chase instituted a new foreclosure action against the spirit of the settlement agreement. Chase removed the action to this Court on June 6, 2013. Chase now moves to dismiss plaintiff's claims.

## DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570. In addition to the allegations in the complaint, courts must consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The settlement agreement provides that it shall be governed by the laws of the state of North Carolina. In North Carolina, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. App. 2000). In order to prevail on a breach of contract claim, a plaintiff "must show that the alleged breach caused him injury." *Ausley v. Bishop*, 525 S.E.2d 72, 78 (N.C. App. 1999). The parties do not dispute that the settlement agreement is a valid contract. The settlement agreement is incorporated into the complaint by reference and will be considered by this Court. In a variety of different contexts, a large number of courts have recognized the general principle that a party who fails to address an issue has conceded the issue. *Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 2010 U.S. Dist. LEXIS 40240 at *29–30 (M.D.N.C. April 23, 2010) (citing various courts' holdings that failing to address an issue concedes it).

Here, plaintiff fails to address any issue in her response to defendant's motion to dismiss other than the allegation that defendants did not work in good faith with plaintiff as required by

3

the settlement agreement because plaintiff attempted to contact her dedicated representative at Chase on no less than ten separate occasions to no avail. Accordingly, this Court considers all of the other issues raised by defendant to be conceded by plaintiff and grants the motion to dismiss in regards to the other issues. Plaintiff's remaining claim is not sufficient to survive the motion to dismiss. Plaintiff does not set forth any allegations that her alleged injury (the reinstitution of foreclosure proceedings and loss of opportunity to refinance her loan) was caused by her inability to contact the designated representative at Chase. She does not allege that she would have received a loan modification or forestalled foreclosure had she spoken with the representative. If plaintiff was not going to receive loss mitigation even if she had spoken with the representative, there is a missing causal link. The damages need to have been caused by the breach. Additionally, plaintiff does not allege that the designated representative was the only way for plaintiff to receive or apply for loss mitigation assistance. She does not allege that she pursued any available path for assistance. While the separation agreement promised plaintiff a designated representative and the opportunity to reapply for unemployment forbearance, there is no plausible allegation that the inability to speak to the designated representative prevented her from seeking assistance and caused the damages she suffered. Plaintiff has not pled sufficient facts to state a claim. Accordingly, defendant's motion to dismiss is granted in its entirety.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's

claims for relief are hereby DISMISSED. The clerk is directed to enter judgment accordingly

and to close the file.

SO ORDERED.

This the __15__ day of October, 2013.

_____

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE